UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DKARI WHITE, <br><br> Plaintiff, <br><br> v. <br><br> GALIPEAU and CENTURION MEDICAL PROVIDER, <br><br> Defendants. | CAUSE NO. 3:24-CV-93-JD-MGG |

OPINION AND ORDER

DKari White, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

White alleges that when he arrived at Westville Correctional Facility in February 2023, he was assigned to a top bunk in Dorm B2, even though he has a medical condition that requires him to be in a bottom bunk. He submitted a healthcare request on March 4, 2024, explaining that because he has blood clots in his left leg, he needs to be on a bottom bunk. In response, medical staff told him that his bottom bunk pass had

already been renewed. Based on this, White alleges that he should never have been assigned to an upper bunk. White was later moved to dorm D2-West and was still assigned to a top bunk, despite his bottom bunk pass. He was in an upper bunk until he was moved to disciplinary segregation ("WCU") on July 26, 2023, where he was in a cell by himself.

Even though he no longer was in a top bunk in WCU, White alleges he still faces problems getting proper medical care, particularly in the administration of his medication. He explains that nurses do two medication passes a day, once around 8:00 am and the other around 8:00 pm. He is supposed to get his medication during the night medication pass. But on August 11, 2023, there was no night nurse in WCU, and he did not get his medication until around 11:00 pm, when a nurse from urgent care was able to come to his unit. On August 16, 2023, he got his medication around 3:20 pm instead of around 8:00 pm. On September 28, 2023, he again received his medication around 3:30 pm, instead of around 8:00 pm. Another time, on October 6, 2023, White alleges that he never got his medication. White alleges that as of the end of January 2024, when he filed this lawsuit, he is still having issues with his medication in WCU. He worries about the effect this has on him from taking his medication at irregular times.

White also raises a concern about there not being a nurse on site at WCU at all times. He notes that his medical code is an "F", which is for an inmate who has a "chronic or physical condition requiring frequent monitoring/surveillance and the on-site availability of licensed healthcare personnel 24 hours a day." ECF 1 at 3. He

contends that every time there is no nurse in his unit, his life is in jeopardy because of the time it would take medical staff to arrive at his unit from urgent care.

Additionally, White brings up other medical issues he has had while in the WCU. On August 24, 2023, he alleges that he was seen by medical staff regarding swelling and pain in his leg. White went to the emergency room and was diagnosed with a cellulitis skin infection. White believes that he got this infection by constantly being left standing in a dirty shower for 2-3 hours at a time during the three times a week he is allowed to shower. He alleges that because he already has a blood clot, being made to stand up for 2-3 hours puts too much pressure on his leg.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Negligence or

medical malpractice does not establish an Eighth Amendment violation. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

The allegations in the complaint do not add up to a constitutional violation. Even though White should not have been assigned to a top bunk, there are no allegations that he was injured by being forced to sleep on the top bunk. He is no longer subject to sleeping on a top bunk, and the only harm that he alleges from that former assignment was the discomfort from having to climb to the top bunk. Similarly, although his blood clot is a serious medical condition, a few instances of missed, early, or late medication over the course of six months establishes, at most, negligence, and not deliberate indifference on the part of the medical staff who distribute the medication. His concern about not always having a nurse on staff in his unit, likewise, does not present a constitutional concern. A violation of prison policy, alone, does not state a constitutional claim. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). His complaint otherwise establishes that there are nurses present in the facility, and any contention that he would not have access to emergency medical treatment, should he need it, is speculative.

Nor does White state a claim based on his contracting cellulitis. Cellulitis is "a common, potentially serious bacterial skin infection" that happens "when a break in the skin allows bacteria to enter." Mayo Clinic, *Cellulitis*, https://www.mayoclinic.org/diseases-conditions/cellulitis/symptoms-causes/syc-

4

20370762 (last visited Apr. 3, 2024). His assertion that he contracted the infection in the shower is speculative, and the complaint establishes that he has otherwise received appropriate medical care for the infection.

Finally, even if White did allege an objectively serious deprivation, he does not identify a viable defendant who could be held liable for that deprivation. He names as defendants only Warden Galipeau and Centurion, the private company that provides medical care for the prison. To hold an individual defendant liable for deliberate indifference, the complaint must allege the defendant was personally involved in the alleged deprivation of a constitutional right. *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023). There are no allegations that Warden Galipeau was personally involved in the bunk assignments or provision of medical care. He cannot be held liable simply because he oversees operations at the prison. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Similarly, Centurion, as a company, can be held liable only if the corporation had an unconstitutional policy or custom that was the "moving force" behind a constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235-36 (7th Cir. 2021); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). White describes decisions by individual staff members, not a corporate policy that can be attributed to Centurion.

This complaint does not state a claim for which relief can be granted. If White believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least

5

where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS DKari White until **May 13, 2024**, to file an amended complaint; and

(2) CAUTIONS DKari White if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 9, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT